I concur in Judge Shannon's excellent analysis of the somewhat unusual situation. Michelle Patterson's statement was not admissible. How could a statement have sufficient "corroborating circumstances clearly indicating" trustworthiness if it was suppressed by the trial judge in part because it was elicited under coercive circumstances?
I write separately only to comment on State v. Gilliam,[1]
cited in the lead opinion. Though the citation is appropriate in the limited circumstances of this case, in general Gilliam is no longer good law (it was never good law, but it was the law for awhile). Justice Wright's eloquent dissent in Gilliam is now vindicated.
In June of this year, the United States Supreme Court, inLilly v. Virginia,[2] held that co-defendants' confessions that inculpate a criminal defendant, even if against penal interest, are not within a firmly rooted exception to the hearsay rule as defined by Confrontation Clause jurisprudence. That ruling would not affect the decision here, as the statement was proffered by the defendant. But in the more usual situation, that in which the government seeks to introduce an accomplice's statement that implicated him and the defendant, that class of statement is "inherently unreliable."[3] Thus, Gilliam's holding that the admission of accomplice statements against penal interest is grounded in a "firmly rooted hearsay exception" is abrogated. In fact, as Lilly makes clear, the opposite is true.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Opinion.
[1] (1994), 70 Ohio St.3d 17, 635 N.E.2d 1242.
[2] (1999), ___ U.S. ___, 119 S.Ct. 1887.
[3] Lilly, supra, at ___, 119 S.Ct. at 1897.